IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. **08 C 1282** |
| v. | ) ) | **JUDGE LEINENWEBER** |
| SANFRATELLO MASONRY, INC., an Illinois corporation, | ) ) ) ) | **MAGISTRATE JUDGE COX** |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively "Funds") and James S. Jorgensen (hereinafter "Jorgensen"), Administrator of the Funds, by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy N. Carollo, and Charles Ingrassia and for their Complaint against Defendant Sanfratello Masonry, Inc., state:

### COUNT I

**(Failure To Pay Employee Benefit Contributions)**

1.  Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), and 28 U.S.C. §1331.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4. Plaintiff James S. Jorgensen ("Jorgensen") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Defendant Sanfratello Masonry, Inc., (hereinafter the "Company"), is an Illinois corporation. The Company did business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Mid-America Regional Bargaining Association ("MARBA") has been a party to various collective bargaining agreements ("Agreement") between MARBA and

2

the Union, the most recent of which became effective June 1, 2006. MARBA represents various contractors who have assigned their bargaining rights to MARBA and as a result, are bound to the Agreements between MARBA and the Union as well as the Funds' respective Agreements and Declarations of Trust. At all times relevant herein, the Company had assigned its bargaining rights to MARBA and, as a result, is bound by the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust. (A copy of MARBA's acknowledgment of the Company's assignment is attached hereto as Exhibit A.)

7. The Funds have been duly authorized by the construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Lake County Contractors Association ("LCCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LCDMC"), and the CARCO Industry Advancement Fund ("CARCO") to act as an agent in the collection of contributions due to those funds.

8. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreement and the amount of contributions to be remitted

to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed 20 percent liquidated damages plus interest.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10. The Agreement obligates the Company to obtain and maintain a surety bond to insure future wages, pension and welfare contributions.

11. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a) failed to submit reports and contributions to Plaintiff Laborers' Pension Fund for the period of December 2007 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to submit reports and contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of December 2007 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to submit reports and contributions to Laborers' Training Fund for the period of December 2007 forward, thereby depriving the Laborers' Training Fund of

contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(d) failed to report and pay all contributions owed to one or more of the other affiliated funds identified above for the period of December 2007 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries; and

(e) failed to obtain and maintain a $15,000.00 surety bond in accordance with the collective bargaining agreement.

12. The Company's actions in failing to submit reports and contributions and obtain a bond violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185, and federal common law interpreting ERISA, 29 U.S.C. §1132 (g)(2).

13. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for delinquent contributions, liquidated damages, interest, audit costs, if any, and attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Sanfratello Masonry, Inc.:

a. ordering the Company to submit benefit reports and contributions from December 2007 forward;

b. ordering the Company to submit the Company's books and records to an audit by Plaintiffs, upon demand;

5

c.   entering judgment in sum certain against the Company on the amounts due and owing pursuant to the December 2007 forward benefits reports to be submitted and audit, including interest, liquidated damages, audit costs, if any, and attorneys' fees and costs; and

d.   awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Pay Union Dues)

14.   Plaintiffs reallege paragraphs 1 through 12 of Count I.

15.   Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.

16.   Pursuant to the terms of the Agreement, dues which are not submitted in a timely fashion are assessed 10 percent liquidated damages.

16.   The Company failed to timely pay union dues for the month of November 2007. As a result, the Company owes $102.97 in accumulated liquidated damages.

17.   Pursuant to the Agreement, the Company is liable to the Funds for the unpaid liquidated damages and reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant Sanfratello Masonry, Inc. for the amount of liquidated damages, audit

costs, if any, attorneys' fees and costs, and any other legal and equitable relief as the Court deems appropriate.

March 4, 2008                                            Laborers' Pension Fund, et al.

*(signature)*
Christina Krivanek

Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy N. Carollo
Charles Ingrassia
Laborers' Pension and Welfare Funds
Sub Office, 111 W. Jackson Blvd.
Suite 1415
Chicago, IL 60604
(312) 692-1540

MARCH MONTHLY REPORT
LABORERS DISTRICT COUNCIL

CURRENT LIST OF CONTRACTORS WHO HAVE EXECUTED
AN ASSIGNMENT OF COLLECTIVE BARGAINING RIGHTS
TO AN ASSOCIATION MEMBER OF THE
MID-AMERICA REGIONAL BARGAINING ASSOCIATION

| Name of Contractor(s) | Association Affiliation |
|---|---|
| Sanfratello Masonry, Inc.<br>7408 N. Milwaukee Avenue, Suite B<br>Niles, IL 60714<br>Matt Sanfratello, President | Mason Contractors Association |

2639

April 7, 2000